William B. Brennan, Jr., J.
The plaintiff maintains this replevin action to recover 57 shares of stock of American Telephone and Telegraph Company and 72 shares of stock of Sun Oil Company from the defendant bank, or damages for wrongful detention of the certificates for said shares.
A borrower named Pinebird had obtained money from the bank and deposited as security collateral provided by one Ernst. Thereafter, when Pinebird’s obligation to the bank was $4,513.25 and he sought a further loan of $4,000, the bank demanded increased collateral. Pinebird approached the plaintiff with reference thereto. The plaintiff claims that he deposited his certificates of stock involved in this action as collateral for the $4,000 90-day loan by the bank to Pinebird; and he disclaims having had any knowledge of the pre-existing indebtedness of Pinebird to the bank.
A loan of $4,000 was in fact made by the bank to Pinebird on January 25, 1960, five days after plaintiff’s stock was deposited with the bank, and added on the bank’s records to the earlier Pinebird liability. The borrower’s loans were thereafter *878 renewed, extended and consolidated without notice to or express consent of the plaintiff until February 24, 1961, when the outstanding loan account had become $9,630.62. Plaintiff claims that he first learned of the pre-existing indebtedness and of the extensions and renewals of Pinebird’s obligations at about that time. He argues that he became a surety to the extent of his stock for the $4,000 loan to Pinebird made on January 25, 1960, payable in 90 days, and that he has been discharged by the extensions and renewals of that and earlier loans made without his consent.
When the plaintiff delivered the certificates for his stock to the bank, he executed separate blank assignments thereof and also executed separate blank authorizations to hypothecate the same. The latter constituted an authorization to the person whose name might be inserted therein (presumably Pinebird’s) ‘ ‘ to hypothecate for his account or otherwise the following list of securities [blank space] standing in my [plaintiff’s] name as security for any loan or loans made by the [blank space intended to be filled with name of bank] to him or any other indebtedness of his to said Bank and to receive said security upon payment of such loan or indebtedness. ’ ’
Although the plaintiff challenges the bank’s legal right to complete the blanks in the authorizations, it must be held that the bank had and has power so to do, since authority is necessarily implied from all of the circumstances to fill the spaces with words that are obviously appropriate to the transaction, whether it was one of pledge for the immediate loan (as contended by plaintiff) or for all liabilities of Pinebird (as argued by defendant). (See Beering Milliken v. Georgette Juniors, 17 A D 2d 405; Russell v. Marboro Books, 18 Misc 2d 166, 173, 174 and authorities there cited; cf. Personal Property Law, § 162.)
The court is persuaded that the pledge was security for all of the indebtedness of Pinebird to the bank existing at the time of commencement of the action. In the first place, the authorizations to hypothecate expressly refer, without limitations of time, to “ any loan or loans ” made to Pinebird and to “ any other indebtedness of his to said Bank,” thereby negating plaintiff’s current argument that his pledge was intended to secure a single loan due in 90 days. The quoted words certainly place no limitation upon either the amount or the conditions (Jacobs v. National Bank of Far Rockaway, 208 Misc. 923, 927), and it is the creditor who has the right to determine the application of pledged collateral where it is applicable to 11 any other indebtedness ” (Reconstruction Finance Corp. v. McCormick, *879 102 F. 2d 305, 315; cf. Watts v. Bank of Manhattan Co., 83 N. Y. S. 2d 57, affd. 274 App. Div. 884).
Secondly, the evidence is clear that the plaintiff made no inquiry concerning his securities until the bank advised him of Pinebird’s default over one year later. His uncorroborated testimony that he called the bank some months after the expiration of 90 days is not as persuasive as his failure to insist upon the return of his securities following the 90-day period, for upon his version, the securities should have been promptly returned after 90 days.
The plaintiff has, therefore, failed to sustain the burden of proof that was his to establish that the securities were deposited for an isolated transaction which should have been completed within 90 days and that he is entitled to possession thereof. His complaint must, therefore, be dismissed. (Merchants’ Nat. Bank of Whitehall v. Hall, 83 N. Y. 338; Shipman v. Kelley, 9 App. Div. 316, 327.)